IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:15-CR-21 |
| v. | ) | |
| | ) | |
| DANIEL WATSON, | ) | (VARLAN / SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on November 13, 2015, for a suppression hearing on the Motion by Defendant Daniel Watson to Suppress Wiretaps and All Evidence Obtained as a Result of those Wiretaps [Doc. 203], filed on October 9, 2015. Assistant United States Attorney Tracy L. Stone appeared on behalf of the Government. Attorney Mark E. Brown appeared on behalf of Defendant Daniel Watson, who was also present. At the conclusion of the hearing, the Court took the motion, response, and arguments under advisement. After reviewing the relevant statutes and case law, the Court recommends that the Defendant's motion be denied. Once law enforcement were authorized to wiretap the subject telephones, the officers did not need additional probable cause to believe that the Defendant was involved in the conspiracy, nor did they need to show necessity with regard to the Defendant, in order to listen to telephone calls the Defendant made to or received from the subject telephones.

## I. POSITIONS OF THE PARTIES

The Defendant is charged [Doc. 3] with conspiring with fourteen named co-conspirators, three named individuals charged in separate indictments, and unnamed others to distribute and to possess with intent to distribute oxycodone from July 2012 to March 4, 2015. He is also charged with conspiring to commit money laundering during that same time frame. In July and August 2014, law enforcement received authorization to monitor and intercept telephone conversations on the telephones of Jason Butler and the Defendant's twin brother Darren Watson. In September and October 2014, law enforcement received authorization to continue monitoring two telephone numbers of Darren Watson. During the course of these four wiretaps, law enforcement recorded telephone conversations of the Defendant as well as conversations between codefendants, who were discussing the Defendant. The Defendant argues that these telephone conversations must be suppressed because law enforcement illegally obtained the communications in violation of the Fourth Amendment and Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 et seq. He maintains that the Government did not have the requisite probable cause that *he* was involved in a conspiracy to distribute narcotics illegally through Knoxville pain clinics to intercept *his* telephone conversations on the subject telephones. The Defendant also contends that the Government failed to demonstrate the necessity of monitoring and recording his telephone conversations, separate from the necessity for tapping the subject telephones.

The Government responds [Doc. 206] that it does not have to provide probable cause and necessity with regard to every telephone number that may call or receive calls from a wiretapped telephone. It observes that the Defendant concedes that it had probable cause and demonstrated

2

necessity to wiretap the subject telephones of Jason Butler and Darren Watson. The Government argues that secondarily intercepted telephones (i.e., those telephones calling the subject telephone) are protected by minimization procedures, which were followed here. It contends that the Defendant's telephone conversations were criminal in nature and were properly intercepted pursuant to the wiretaps for the subject telephones.

### III.    FACTUAL BACKGROUND

During the November 13 suppression hearing, no testimony or evidence was presented. Nor did either party present the wiretap applications or affidavits at issue in this case.[1] However, Government refers [Doc. 206, p.4] the Court to the Interception Applications and Orders dated July 1, 2014, and August 21, 2014, at miscellaneous case number 3:14-MC-5000. With the aid of this miscellaneous case number, the Court has located these documents within the Court's records.

Defendant Watson concedes that the affidavits of Federal Bureau of Investigation (FBI) Special Agent Andrew C. Chapman supporting the applications for wiretaps on the telephones of Jason Butler and Darren Watson provided probable cause and demonstrated necessity to intercept communications to and from the telephones of Jason Butler and Darren Watson. The

---

[1] The Court notes that in a case in which law enforcement obtained a warrant, the defendant bears the burden of proving the constitutional violation. United States v. Feldman, 606 F.2d 673, 679 n.11 (6th Cir. 1979). The same is true with regard to Title III wiretaps: "'[A] wiretap authorization order is presumed proper, and a defendant carries the burden of overcoming this presumption.'" United States v. Kelley, 596 F.Supp.2d 1132, 1143 (E.D. Tenn. 2009) (quoting United States v. Quintana, 70 F.3d 1167, 1169 (10th Cir. 1995)). Thus, the duty to place the relevant wiretap affidavits and applications into evidence rested with the Defendant in this case. However, because this case turns upon the legal question of whether the wiretap affidavit must show probable cause and necessity to intercept the telephone conversations of anyone mentioned in the affidavit, the Defendant's failure to provide the wiretap affidavits and applications is not fatal to the Court's determination.

Defendant is listed as a "Target Subject" (a person for whom the affiant has probable cause to believe is committing drug trafficking and money laundering) and as a "Target Interceptee" (a person for whom the affiant seeks authorization to intercept communications on the subject telephones). Both affidavits characterize the Defendant as one of Jason Butler's subordinates in his drug trafficking business. Both affidavits state that the Defendant sold drugs to a confidential informant in two controlled buys on January 27 and 30, 2014. Also, a different confidential source claims that the Defendant drove him to Jason Butler's car lot to get $350 from Butler to pay for the informant's visit to a pain clinic, drove the informant to the clinic, directed him to see a certain clinic employee, furnished money for the informant to then fill a prescription gained during the visit, took a portion of the oxycodone tablets the informant received with the prescription, and subsequently drove him to follow up appointments at the clinic.

The affidavits state that a wiretap is necessary because other investigative techniques are insufficient to disclose the involvement of the pain clinic owners and operators in the overall criminal organization. They state that other investigative techniques, which are specifically described in the affidavits, have been tried and were insufficient, do not appear to be reasonably likely to succeed, or are too dangerous to attempt. The affidavits also provide for minimization of unrelated communications. An interception is to be immediately suspended once the monitoring agent determines that the call is not from a Target Interceptee or a confederate of a Target Interceptee, unless the portion of the communication already overheard is criminal in nature.

## IV. ANALYSIS

The Fourth Amendment protects citizens against unreasonable searches and seizures. U.S. Const. amend IV. This protection extends only to constitutionally protected areas where a person can be said to have a reasonable expectation of privacy from governmental intrusion. United States v. Meriweather, 917 F.2d 955, 958 (6th Cir. 1990). Whether a person can claim a "constitutionally protected reasonable expectation of privacy" is twofold. California v. Ciraolo, 476 U.S. 207, 211 (1986) (quoting Katz v. United States, 389 U.S. 347, 360 (1967)). First, an individual must have manifested a subjective expectation of privacy into the thing being searched. Id. Second, society must be willing to recognize that expectation as reasonable. Id. The Defendant argues that the instant wiretap affidavits for the telephones of Jason Butler and Darren Watson do not provide probable cause or show necessity with regard to intercepting his telephone conversations. The Government responds that the wiretap affidavits do not have to show probable cause or necessity as to the Defendant because law enforcement was not seeking a wiretap for the Defendant's telephone. It argues that the minimization procedures in Title III serve to protect persons calling or called by the subject telephones.

The Court first examines whether the Defendant has "standing" to bring this challenge. Fourth Amendment rights are personal rights that cannot be "vicariously asserted." Rakas v. Illinois, 439 U.S. 128, 134 (1978); United States v. Myers, 102 F.3d 227, 231 (6th Cir. 1996), cert. denied, 520 U.S. 1223 (1997). The Defendant insists that he is not challenging the validity of the wiretaps. In fact, the Defendant concedes that Agent Chapman's affidavits provide probable cause and demonstrate necessity for tapping the telephones of Jason Butler and Darren Watson. Instead, the Defendant argues that he is challenging the officers' interception of his

5

conversations by means of these telephones. He contends that the Government does not have probable cause, nor can it demonstrate necessity, with regard to him and, thus, it intercepted his telephone conversations through tapping Butler's and his brother's telephones in an attempt to do an end run around Title III.

Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510, et seq., governs the interception of oral and electronic communications. Interception of oral and electronic communications is generally prohibited, 18 U.S.C. § 2511, and no communication, or evidence derived from such communication, that is intercepted in violation of Title III may be used as evidence at trial, 18 U.S.C. § 2515. However, the government may apply to a federal judge for the interception of a wire or oral communication, and the judge may order, in conformity with § 2518, the interception of oral and /or electronic communications by a federal investigating agency for evidence of drug trafficking crimes. See 18 U.S.C. § 2516 (1)(e). As with search warrants generally, the judge authorizing a wiretap must find "probable cause for belief that an individual is committing, has committed, or is about to commit a particular offense[,]" such as drug trafficking. 18 U.S.C. § 2518(3)(a). The judge must also find "probable cause for belief that particular communications concerning that offense will be obtained through such interception[,]" that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous[,] and probable cause to believe that the telephones or other entities from which the communications are to be intercepted are being used in connection with the offense or are commonly used by the suspected individual. 18 U.S.C. § 2518(3)(b)-(d). Title III requires that law enforcement refrain from

6

intercepting those communications that are not related to the crimes under investigation. 18 U.S.C. § 2518(5).

"Any aggrieved person in any trial, hearing, or proceeding in or before any court . . ., may move to suppress the contents of any wire or oral communication intercepted pursuant to this chapter, or evidence derived therefrom, on the grounds that—"

> (i) the communication was unlawfully intercepted;
>
> (ii) the order of authorization or approval under which it was intercepted is insufficient on its face; or
>
> (iii) the interception was not made in conformity with the order of authorization or approval.

18 U.S.C. § 2518(10). Title III defines an aggrieved person as "a person who was party to any intercepted wire, oral, or electronic communication or a person against whom the interception was directed[.]" 18 U.S.C. § 2510(11). The Court finds that the Defendant is an aggrieved person under Title III because his telephone conversations and texts to and from the subject telephones were intercepted. Thus, the Defendant may properly challenge whether his telephone conversations and texts were lawfully intercepted.

The Defendant argues that his telephone conversations and texts were unlawfully intercepted because the affidavits supporting the wiretap applications did not show probable cause and necessity with regard to him. He argues that, due to this failure, law enforcement should have minimized all calls from him. Despite the Defendant's lengthy quotations from Title III, he does not point to a portion of the statute that requires probable cause and necessity be shown for others aside from the individual whose telephone is being tapped. The Defendant argues [Doc. 204, p.15] this case is factually similar to <u>United States v. Rice</u>, in which the court

suppressed evidence gained as a result of a wiretap because the supporting affidavit contained false and misleading information regarding necessity. 478 F.3d 704, 711 (6th Cir. 2007). However, in Rice, the court examined the necessity shown with regard to the individual whose telephone was tapped. Id. at 709-11. The court did not evaluate whether the affidavit showed necessity with regard to each of the coconspirators in addition to Rice. Moreover, at the motion hearing, defense counsel acknowledged that he knew of no cases stating that the affidavit in support of a wiretap application has to include probable cause and necessity as to all the anticipated callers in the conspiracy. The undersigned has likewise located no case law that would support the Defendant's interpretation.

With regard to the Defendant's contention that his conversations and texts should have been immediately minimized, both the plain language of the statute and the case law argue otherwise. Title III requires that the interception of communications "be conducted in such a way as to minimize the interception of communications not otherwise subject to interception under this chapter[.]" 18 U.S.C. § 2518(5). The Supreme Court has observed that this language "does not forbid the interception of all nonrelevant conversations, but rather instructs the agents to conduct the surveillance in such a manner as to 'minimize' the interception of such conversations." Scott v. United States, 436 U.S. 128, 140 (1978). In examining the reasonableness of the agents' interception versus minimization of calls, the Court observed that the circumstances of the wiretap are relevant:

> For example, when the investigation is focusing on what is thought to be a widespread conspiracy more extensive surveillance may be justified in an attempt to determine the precise scope of the enterprise. And it is possible that many more of the conversations will be permissibly interceptible because they will involve one or more of the co-conspirators. The type of use to which the telephone is normally put may also have some bearing on the

8

> extent of minimization required. For example, if the agents are permitted to tap a public telephone because one individual is thought to be placing bets over the phone, substantial doubts as to minimization may arise if the agents listen to every call which goes out over that phone regardless of who places the call. On the other hand, if the phone is located in the residence of a person who is thought to be the head of a major drug ring, a contrary conclusion may be indicated.

Id. (also discussing other relevant circumstances, such as how long the wiretap has been in effect). Thus, it is reasonable for agents to monitor the calls to the subject telephone number from known co-conspirators.

At no point does the Supreme Court indicate that the probable cause and necessity with regard to co-conspirators *known prior to the implementation of the wiretap* should factor into the propriety of monitoring the call rather than minimizing it. Instead, the quotation above suggests the fact that a caller is a known co-conspirator makes it reasonable for the agent to monitor the call. Moreover, the interpretation that the Defendant advocates (minimizing all calls from co-conspirators named in the supporting affidavit if the Government is not able to show probable cause and necessity to intercept their calls) would have the absurd consequence of insulating those individuals most likely to be making or receiving calls involving the criminal conspiracy (co-conspirators who are known and named in the supporting affidavit) but leaving all other callers subject to interception and then potential minimization. Accordingly, the Court finds that the Government did not have to show probable cause and necessity in order to intercept the conversations and texts of Defendant Daniel Watson on the subject telephones.

## IV. CONCLUSION

After carefully considering the evidence, the parties' filings and arguments, and the relevant legal authorities, the Court finds no basis to suppress the recorded communications. For the reasons set forth herein, it is **RECOMMENDED** that the Motion by Defendant Daniel Watson to Suppress Wiretaps and All Evidence Obtained as a Result of those Wiretaps [Doc. 203] be **DENIED**.[2]

Respectfully submitted,

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).