UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:15-CR-21-TAV-CCS |
| DANIEL WATSON, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION & ORDER**

This criminal matter is before the Court for consideration of the Report and Recommendation entered by United States Magistrate Judge C. Clifford Shirley, Jr. ("R&R") [Doc. 213]. The R&R addresses defendant Daniel Watson's motion to suppress wiretaps and all evidence obtained as a result of those wiretaps [Doc. 203]. Magistrate Judge Shirley held a hearing on the motion [Doc. 209] and then issued the R&R, recommending that the Court deny the request for suppression [Doc. 213]. The defendant filed an objection to the R&R [Doc. 214], and the government responded to that objection [Doc. 220]. For the reasons that follow, the Court will overrule the defendant's objection, accept the R&R, and deny the request for suppression.

**I.      Standard of Review**

The Court reviews *de novo* those portions of the R&R to which the defendant has objected. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). Accordingly, the Court

considers the motion to suppress, underlying and supporting briefs, government's response, evidence, R&R, and objections, all in light of the applicable law.

I.      **Facts and Procedural History[1]**

The defendant's motion relates to wiretaps on the telephones of codefendants Jason Butler and Darren Watson. The affidavits of Federal Bureau of Investigation Special Agent Andrew C. Chapman submitted in support of the wiretaps listed the defendant as a "Target Subject" (i.e., a person for whom the affiant has probable cause to believe is committing drug trafficking and money laundering) and as a "Target Interceptee" (i.e., a person for whom the affiant seeks authorization to intercept communications on the subject telephones). The affidavits also characterize the defendant as one of Jason Butler's subordinates in his drug-trafficking business, noting that the defendant sold drugs to a confidential informant in two controlled buys on January 27 and 30, 2014. A different confidential informant claimed that the defendant drove him to Jason Butler's car lot to get $350 from Butler to pay for the informant's visit to a pain clinic, drove the informant to the clinic, directed him to see a certain clinic employee, furnished money for the informant to then fill a prescription gained during the visit, took a portion of the oxycodone tablets the informant received with the prescription, and subsequently drove him to follow-up appointments at the clinic.

---

[1] Magistrate Judge Shirley's findings of fact [Doc. 213 pp. 3–4] are supported by the evidence, and the defendant does not expressly object to them. To the extent that any of the defendant's objections implicate a fact found in the R&R, the Court has considered the dispute in the context of its analysis of the defendant's objections.

The affidavits provided that a wiretap was necessary because other investigative techniques would be insufficient to disclose the involvement of the pain clinic owners and operators in the overall criminal organization. They stated that other investigative techniques, specifically described in the affidavits, were tried and were insufficient, did not appear to be reasonably likely to succeed, or would be too dangerous to attempt. In addition, the affidavits also provided for minimization of unrelated communications; for example, an interception would be immediately suspended once the monitoring agent determined the call is not from a Target Interceptee or a confederate of a Target Interceptee, unless the portion of the communication already overheard is criminal in nature.

The defendant moved to suppress the wiretaps and all evidence obtained as a result of the wiretaps, arguing (1) that the government did not have the requisite probable cause that the defendant was involved in a conspiracy to distribute narcotics illegally through pain clinics to intercept his telephone conversations on the subject telephones and (2) that the government failed to demonstrate the necessity of monitoring and recording his telephone conversations, separate from the necessity for tapping the subject telephones. After a suppression hearing, the magistrate judge issued the R&R. In the R&R, Magistrate Judge Shirley found: (1) the defendant has standing to bring this challenge; and (2) the government did not need to demonstrate probable cause and necessity as to the defendant [Doc. 213 pp. 5–9]. He accordingly recommends that the Court deny the request for suppression [*Id.* at 10].

## II. Analysis

The defendant "objects to the holding with respect to necessity" [Doc. 214 p. 1]. He asserts that the government failed to demonstrate that tapping the phone conversations were necessary and that Magistrate Judge Shirley failed to analyze whether the affidavits submitted in support of the wiretap applications were sufficient. But the defendant does not now acknowledge that he only argued that the affidavits were insufficient to establish necessity as to him, which explains why the magistrate judge did not address necessity in general.[2] *See United States v. Kelley*, 596 F. Supp. 2d 1132, 1143 (E.D. Tenn. 2009) (stating that "a wiretap authorization order is presumed proper, and a defendant carries the burden of overcoming this presumption" (quoting *United States v. Quintana*, 70 F.3d 1167, 1169 (10th Cir. 1995))). Even so, the Court finds that the affidavits fully informed the Court of the nature and scope of the investigation of the pain clinics. They discussed the ultimate goal of the investigation to gather evidence to prosecute the drug rings that utilized the pain clinics as sources of supply and the dismantle the pain clinics through the prosecution of the owners, operators, investors, and practitioners who owned and operated them. They described the traditional investigative techniques that had been used and explained why those techniques were or would be inadequate to achieve the goals of the investigation. The affidavits were thus unlike those at issue in *United States v. Rice*, 478 F.3d 704, 711 (6th Cir. 2007), which contained "generalized and uncorroborated information" regarding traditional investigative techniques.

---

[2] To the extent the defendant argues that the affidavits do not show the wiretaps were necessary as to him, the Court agrees with the magistrate judge that no such requirement exists in the law.

4

## III. Conclusion

Accordingly, upon *de novo* review of the record and the law, the Court finds that the recommendations contained in the R&R are correct. The defendant's objection [Doc. 214] is **OVERRULED.** The Court **ACCEPTS in whole** the R&R [Doc. 206] and incorporates it into this Memorandum Opinion and Order. The Court further **DENIES** the Motion by the Defendant Daniel Watson to Suppress Wiretaps and All Evidence Obtained as a Result of Those Wiretaps [Doc. 203].

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE